UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21541-BLOOM/Elfenbein

SANTINO T. DARLING,

    Plaintiff,

v.

LUIS ZAVALETA,
a Police Officer with the Homestead City Police Department, and
HENRY QUINTERO,
a Police Officer with the Homestead City Police Department,

    Defendants.
_____/

## ORDER ON MOTION TO APPEAL *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Santino T. Darling's ("Plaintiff") Motion for Leave to File *in forma pauperis* ("Motion"), ECF No. [8]. Plaintiff seeks to appeal *in forma pauperis* this Court's Order Dismissing Complaint ("Order"), ECF No. [6]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.   BACKGROUND**

Plaintiff filed his Complaint asserting five claims against Luis Zavaleta and Henry Quintero, police officers with the Homestead City Police Department, pursuant to 42 U.S.C. § 1983, acting in both their official and individual capacities. ECF No. [1]. This Court dismissed the Complaint for failure to state a claim upon which relief may be granted. ECF No. [6]. Plaintiff filed a notice of appeal and filed the instant Motion. ECF Nos. [8], [9].

Case No. 24-cv-21541-BLOOM/Elfenbein

## II.  LEGAL STANDARD

### A.  Federal Rules of Appellate Procedure

Title 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern applications to proceed with an appeal *in forma pauperis*. Under Rule 24(a), the party must attach an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs[,]" Fed. R. App. P. 24(a)(1)(A); (2) "claims an entitlement to redress[,]" Fed. R. App. P. 24(a)(1)(B); and (3) "states the issues that the party intends to present on appeal[,]" Fed. R. App. P. 24(a)(1)(C). Even when a party has been permitted to proceed *in forma pauperis* in the district court, the party may not appeal *in forma pauperis* if the district court "certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3)(A) (providing that a party may not proceed on appeal *in forma pauperis* if "the district court — before or after the notice of appeal is filed — certifies that the appeal is not taken in good faith. . . ."). A party who seeks appellate review of an issue does so in good faith if the issue is not frivolous from an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). However, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

## III.  DISCUSSION

To the extent Plaintiff seeks leave to appeal *in forma pauperis*, the Motion is due to be denied because Plaintiff has not complied with the Federal Rules of Appellate Procedure. Plaintiff has failed to attach an affidavit to his Motion stating "the issues that [he] intends to present on appeal." Fed. R. App. P. 24(a)(1)(C). This is a requirement under Rule 24. As this Court held in

*Hunter v. Florida State Senate*, Case No. 20-cv-14358-BLOOM, 2020 WL 8475183 (S.D. Fla. Dec. 8, 2020)

> Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party filing a motion in the district court seeking to appeal IFP must attach an affidavit to the motion that, among other things, 'states the issues that the party intends to present on appeal.' In addition, the affidavit must 'claim an entitlement to redress.' Fed. R. App. P. 24(a)(1)(B). The Motion does not include a claim with entitlement to redress, nor does it state the issues he intends to present on appeal.
> *Id*. at *1

This Court held the same with respect to Rule 24(a)(1)(C) in *Mucciolo v. Boca Raton Regional Hospital, Inc.*, Case No. 19-cv-80185-BLOOM/Reinhart, 2019 WL 7899138 (S.D. Fla. July 30, 2019) ("Federal Rule of Appellate Procedure 24(a)(1)(C) states that a party desiring to appeal *in forma pauperis* must file a motion in the district court that attaches an 'affidavit that ... states the issues that the party intends to present on appeal.'") *Id*. at *1. A plaintiff's failure to adequately state the issues to present on appeal does not comply with the Federal Rules of Appellate Procedure, warranting denial of the motion. *Id*.

Other courts in this district have decided cases in the same manner. In *Wallace v. Israel*, Case No. 0:14-cv-61297-RLR, 2015 WL 13887158 (S.D. Fla. Feb. 25, 2015) the court observed that the plaintiff filed a motion for leave to proceed *in forma pauperis* but failed to file an affidavit stating the issues he intended to present on appeal. *Id*. at *1. The court held "[t]he failure to state these issues in the affidavit is fatal to a Rule 24(a) motion" and denied the motion. *Id*. *See also Rodriguez v. Dobbs*, No. 19-cv-20716-GRAHAM, 2019 WL 11583371, at *1 (S.D. Fla. Aug. 15, 2019), *report and recommendation adopted*, 2019 WL 11583367 (S.D. Fla. Aug. 30, 2019) (a motion to proceed *in forma pauperis* is legally deficient and should be denied when "it fails to state what, if any, issues [the plaintiff] intends to pursue on appeal, in violation of Fed. R. App. P. 24(a)(1)(C)."). The statement of good faith issues that a plaintiff seeks to appeal permits review

"to determine whether the appeal would be frivolous or not taken in good faith." *Dameron v. Mack*, Case No. 17-cv-3935-WSD, 2018 WL 1230591, at *2 (N.D. Ga. Jan. 4, 2018) (citation omitted).

Here, Plaintiff filed an Application to Proceed in District without Prepaying Fees or Costs, which the Clerk of Court construed as a motion for leave to appeal *in forma pauperis*. ECF No. [8]. The application filed by Plaintiff answers preprinted questions with respect to his earnings and savings. *Id*. Plaintiff did not attach an affidavit setting forth or otherwise indicating the issues he seeks to raise on appeal. Failure to comply with Rule 24(a)(1)(C) alone warrants denial of Plaintiff's Motion. *Id*.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [6,]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 27, 2024.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc: counsel of record