**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-21541-BLOOM/Elfenbein**

SANTINO DARLING,

      Plaintiff,

v.

LUIS ZAVALETA,
a Police Officer with the Homestead City
Police Department, and HENRY QUINTERO,
a Police Officer with the Homestead City
Police Department

      Defendant.

_____/

## ORDER ON MOTION FOR EXTENSION OF TIME

      **THIS CAUSE** is before the Court upon *pro se* Plaintiff Santino Darling's ("Plaintiff") Motion for Extension of Time to Appeal the Ruling Entered by This Court ("Motion"), ECF No. [12]. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.    BACKGROUND

      Plaintiff filed his Complaint asserting five Counts against Luis Zavaleta and Henry Quintero, police officers with the Homestead City Police Department, pursuant to 42 U.S.C. § 1983 and acting in both their official and independent capacities. ECF No. [1]. On July 15, 2024, this Court entered its Order Dismissing Complaint ("Order"), dismissing all five Counts asserted for failure to state a claim upon which relief may be granted. ECF No. [6].

      Plaintiff filed a Notice of Appeal, dated August 19, 2024, which was after the thirty-day time period to file an appeal expired. ECF No. [7]. Plaintiff also filed the instant Motion, seeking an extension of time for his untimely Notice of Appeal because he is a "layman at law [and] had

to inquire with an attorney in order to discover if there was [sic] any steps available" to proceed

with the action. ECF No. [12] at 1. "In an abundance of caution," Plaintiff moves for an extension

pursuant to the Federal Rules of Appellate Procedure 4(a)(5). *Id*. at 2.

## II.   LEGAL STANDARD

### A.  Federal Rules of Appellate Procedure

The Federal Rules of Appellate Procedure govern the time a notice of appeal may be filed

with the district clerk, providing "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4),

and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30

days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

The Rule also contemplates late filing: "The district court may extend the time to file a

notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule

4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the

time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed.

R. App. P. 4(a)(5)(A)(i-ii). *See Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324 (11th

Cir. 1996) (a district court is permitted to extend the time for a late filing if the party seeking the

extension shows "excusable neglect.") (citing Fed. R. App. P. 4(a)(5)).

In the Eleventh Circuit, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507

U.S. 380 (1993) governs "determinations of excusable neglect with the meaning of Rule 4(a)(5)."

*Advanced Estimating Sys.,* 77 F.3d at 1324. In *Pioneer*, the United States Supreme Court held that

"[w]ith regard to determining whether a party's neglect of a deadline is excusable. . . we conclude

that the determination is at bottom an equitable one, taking account of all relevant circumstances

surrounding the party's omission. These include [] the danger of prejudice to the [appellee], the

length of the delay and its potential impact on judicial proceedings, the reason for the delay,

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395.

### B.  Pro Se Litigants

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "Pleadings filed by a *pro se* litigant are construed liberally, but *pro se* litigants must nonetheless conform to procedural rules, including deadlines." *In re Bailey*, 521 Fed. App'x 920, 921-22 (11th Cir. 2013) (citing *Albra v. Advan, Inc*., 490 F.3d 826, 829 (11th Cir.2007); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) ("Liberal construction does not mean liberal deadlines." (quotation omitted))).

## III.   DISCUSSION

Plaintiff indicates that he received this Court's Order, entered on July 15, 2024, by mail on August 2, 2024. ECF No. [12] at 1. Plaintiff, proceeding *pro se*, sought guidance from an attorney, and then mailed his Notice of Appeal on August 11, 2024. *Id*. On August 23, 2024, Plaintiff called the Clerk of Court to ensure that his Notice of Appeal was received, but learned that it was received on August 19, 2024, after the thirty-day period deadline to file elapsed. *Id*. at 2. Plaintiff moves for an extension of time to permit the late filing but does not indicate or otherwise argue that excusable neglect or good cause exists. Construing Plaintiff's *pro se* Motion liberally, as this Court must, Plaintiff contends his *pro se* status as "a layman at law" who did not know the relevant rules is the support for his Motion and the sole reason for the untimely filing.

The Court finds Plaintiff's lay understanding of the law is an insufficient basis to establish excusable neglect or good cause under Fed. R. App. P. 4(a). In *Cordell v. Pacific Indem. Co.*, 335

Fed. App'x 956 (11th Cir. 2009), the district court entered judgment after a jury trial against various plaintiffs. *Id*. at 958. Thirty-three days later, the *pro se* plaintiffs filed an untimely notice of appeal and then a motion for extension of time to file the appeal. *Id*. The district court denied the motion for extension of time, and the *pro se* plaintiffs appealed that denial, asserting that the United States District for the Northern District of Georgia Local Rule 6.1(A) and (B), Fed. R. Civ. P. 6(a) and (3) supported their argument for an extension, and sought to distinguish Fed. R. App. P. 8 and 26, Eleventh Circuit Rules 8–2 and 27–2. *Id*. at 958. The Eleventh Circuit affirmed denial of their motion for extension of time, because "[p]ursuant to Federal Rule of Appellate Procedure 4, a party in a civil case must file a notice of appeal 'within 30 days after the judgment or order appealed from is entered.'" *Id*. at 959. The court explicitly rejected reliance on the other procedural rules. *Id*.

Next, the Eleventh Circuit noted a "district court, however, may extend the time to file a notice of appeal in a civil case if: (1) a party moves for an extension within 60 days of the judgment to be appealed; and (2) a party 'shows excusable neglect or good cause.'" *Id*. at 960 (citing Fed. R. App. P. 4(a)(5)(A)(ii)). The court noted "a court should consider the four factors [established in *Pioneer*] when determining excusable neglect:"

> (1) the danger of prejudice to the appellee; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the appellant; and (4) whether the appellant acted in good faith
>
> *Id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, (1993)).

The Eleventh Circuit determined the *pro se* plaintiffs in *Cordell* demonstrated both ignorance of the rules and mistakes construing the rules, but found neither sufficient to constitute excusable neglect. *Id*. (citing *Pioneer*, 507 U.S. at 392). Although cited, the *Pioneer* factors were not explicitly applied and the court determined that "inadvertence, ignorance of the rules, or

mistakes construing the rules do not usually constitute 'excusable' neglect...." *Id*. (citing *Pioneer*, 507 U.S. at 392). Moreover, the plaintiffs' status as *pro se* litigants did not impact the court's decision because "even *pro se* pleadings must adhere to time requirements." *Id*. (citing *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir.1993)). Regarding good cause, the court found that beyond "misinterpretation of the rules. . . the Cordells offer no other argument to establish good cause." 335 Fed. App'x at 960. Therefore, the plaintiffs "failed to show excusable neglect *or* good cause for their untimely filing" and the district court's denial of the motion for an extension of time for the filing of their appeal was affirmed. *Id*.

The facts underlying *Cordell* are analogous to this case. Here, Plaintiff, also filing *pro se*, indicates that he learned of the ability to appeal this Court's Order after seeking advice from an attorney. Plaintiff concedes his Motion is based upon his lack of understanding of the law and provides no factual allegations that could be construed as excusable neglect to support his Motion under Fed. R. App. P. 4(a)(5). As in *Cordell*, ignorance of the rules does not constitute excusable neglect.

Nevertheless, a review of the *Pioneer* factors is warranted. Here, the first factor, danger of prejudice to the defendants-appellees as non-movants, is high as the action has already been dismissed. "In *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Cheney v. Anchor Glass Container, Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). In *Cheney*, the court found *no* prejudice to the non-movant as "settlement discussions and continuing discovery indicate that both parties expected to continue litigating." *Id*. Here, due to the dismissal of the Complaint, *Cheney* is distinguishable as there is no such litigation being engaged in or expected, therefore the first factor weighs against Plaintiff. Regarding the length of delay, the Notice of Appeal was filed

nine days late, which this Court does not find to be an *extensive* delay, and so the second factor weighs in Plaintiff's favor.

The third factor, however, weighs heavily against Plaintiff. The reason for delay — inadvertence or ignorance of the law or rules — does not constitute excusable neglect, a fact which his status as a *pro se* litigant does not change. *Cordell*, 335 Fed. App'x at 960 (citing *Pioneer*, 507 U.S. at 392); *see Lopez v. First Horizon Home Loan Corp*. 600 Fed. App'x 642, 643 (11th Cir. 2015) ("no court in our circuit has concluded that "self-representation and financial problems are enough to establish excusable neglect."). "Pleadings filed by a *pro se* litigant are construed liberally, but *pro se* litigants must nonetheless conform to procedural rules, including deadlines." *In re Bailey*, 521 Fed. App'x 920, 921 (11th Cir. 2013) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir.2007); *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir.2001) ("Liberal construction does not mean liberal deadlines." (quotation omitted))). When a defendant "has not provided the court with any reason why it should extend his time to file a notice of appeal, other than the fact that he is without counsel [that] is not enough." *US. v. Pippin*, 473 F. Supp 2d 1171, 1173 (M.D. Ala. Nov. 27, 2006). Instead, appellants "must provide a specific and meritorious reason why [he or she] failed to file a notice of appeal" in accordance with the relevant deadline. *Id*. Moreover, Plaintiff's Motion indicates that he was at all times in control of when he could file and seek information about the appeal process. Thus, the third Pioneer factor weighs heavily against Plaintiff.

With respect to the fourth factor, *Pioneer's* good faith inquiry, there is no indication Plaintiff intentionally sought an advantage through the untimely filing, therefore, this this factor weighs in his favor. *Cheney*, 71 F.3d at 850.

Upon review, the Court finds that the third factor weighs sufficiently heavy against Plaintiff such that he has failed to establish excusable neglect to permit an extension of time under Fed. R. App. P. 4(a)(5)(i-ii). Denying a motion after review of the *Pioneer* factors where greater weight has been given to the reason for delay, including "*pro se* status, indigence, and ignorance of the law" is a proper application of the *Pioneer* factors. *Lopez*, 600 Fed. App'x at 645.

Alternatively, Plaintiff fails to argue good cause exists to support his Motion pursuant to Fed. R. App. P. 4(a)(5)(ii). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Philpot v. Peach State Health Plan*, No. 22-10387, 2022 WL 17279389, at *2 (11th Cir. 2022) (quoting *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (cleaned up)); *but see In Re Cutuli*, 13 F.4th 1342, 1345 (11th Cir. 2021) (finding good cause existed when the court could conclude most of the "continuing service delay was 'attributable to' the [] court's own errors."). Here, Plaintiff has not attributed the late filing to any outside factor. As such, there is no basis upon which to find good cause to warrant an extension and Plaintiff's Motion must be denied.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [12]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 19, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    Santino Darling
       1595 NE 33rd Road, Unit #104
       Homestead, FL 33033
       *PRO SE*